# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOHN CHRISTOPHER BROWN,<br><br>Petitioner,<br><br>v.<br><br>JOSIE GASTELO,<br><br>Respondent. | Case No. CV 20-02051-FLA (MAR)<br><br>**ORDER SUMMARILY DISMISSING PETITION** |

Over six months ago, the Court issued an order directing Petitioner to show cause why his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Dkt. 1, "Petition") should not be dismissed as "mixed" (containing both exhausted and unexhausted claims). See Dkt. 20. Despite receiving two extensions, Petitioner has failed to either voluntarily dismiss his unexhausted ground or request a stay. The Court, therefore, dismisses the Petition as mixed and for failure to prosecute.

## I. BACKGROUND

The Petition was filed in March 2020. Shortly thereafter, Respondent moved to dismiss on the basis that Petitioner's fourth ground for relief was unexhausted—i.e., he had not presented it to the California Supreme Court. Petitioner acknowledged this in the Petition (see id. at 3), and the copy of the

petition for review that he attached to the Petition bore this out (see Dkt. 1-3 at 1-75.)

Accordingly, on July 9, 2020, the Court ordered Petitioner to either move for a stay of this action while he exhausted his fourth ground or voluntarily dismiss that ground so the Court could proceed to the merits of his exhausted claims. See Dkt. 16. Petitioner did neither, possibly because he sent the Court a notice of change of address after the Court had issued the order. See Dkt. 17. On September 14, 2020, the Court ordered Petitioner to show good cause why the Court should not dismiss the action without prejudice as mixed and for failure to prosecute. See Dkt. 20. The Court expressly warned Petitioner that his failure to submit a timely response to the order could result in the Petition being dismissed for these reasons. See id. at 2.

Petitioner requested and received two extensions of time to respond to the order to show cause. See Dkt. 22-25. The last correspondence received from Petitioner was in November 2020 (see Dkt. 24), and over three months have passed since the Court extended Petitioner's deadline to January 30, 2021 (see Dkt. 25). Petitioner has yet to make any further filings.

## II.   DISCUSSION

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the

petitioner has exhausted the available state judicial remedies on every ground presented in it.  See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte.  See Stone v. City and Cnty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended).  The petitioner has the burden of demonstrating he has exhausted available state remedies.  See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Petitioner has failed to meet his burden.  As set forth above, there is no indication Petitioner presented his fourth claim to the California Supreme Court.  Accordingly, the Petition is subject to dismissal.  See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").  Additionally, Petitioner failed to respond to the Court's order to show cause.  Petitioner's failure to prosecute his case is a second, independent reason for dismissal.  See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b); Carey v. King, 856 F.2d 1439 (9th Cir. 1988) (setting out factors relevant to deciding whether to dismiss action for failure to prosecute, which weigh against Petitioner).

### III.   CONCLUSION

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that a habeas corpus petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Petitioner is not entitled to the relief he seeks because his fourth claim is unexhausted, and he has failed to prosecute this case.

      The Petition is DISMISSED without prejudice. A certificate of appealability will not issue. The Court finds that jurists of reason would agree that the Petition is mixed and, therefore, subject to dismissal. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: April 1, 2021

                                                FERNANDO L. AENLLE-ROCHA
                                                United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge